PER CURIAM.
Appellant was originally placed on probation for grand larceny under the first count of an information, and for aggravated assault under the second count, on September 15, 1972.
Thereafter, he was found guilty of violation of probation. Probation was revoked as to the grand larceny count and a sentence of one year imprisonment was ostensibly imposed therefor. Probation under the aggravated assault count was apparently continued, to run concurrently with a subsequent order of probation entered for the offense of robbery. This latter probation was subsequently revoked and sentences were imposed on the aggravated assault count included in the original order of probation and on the robbery charge included in the second order of probation.
Appellant now argues double jeopardy as to the aggravated assault charge contending that, in effect, he had been once sentenced therefor in that such sentence was necessarily included in the original one year sentence imposed for the grand larceny count at the time of the first violation of probation. He may be right but we can’t tell.
It affirmatively appears from the record before us that no proper judgment was entered in open court, that is, in writing and signed by the judge, as required by Rule 3.670, RCrP, with respect to the initial two charges of grand larceny and aggravated assault. We can’t say, therefore, which sentences applied to which “judgments” or, for that matter, vice versa.
Whereupon the cause is remanded with directions to enter appropriate judgments on said charges, in the presence of appellant if necessary, and to clarify the sentences imposed thereon with appropriate credit. It is further directed that, upon compliance herewith, the trial court cause to be returned to us copies of the judgments and sentences so entered for further consideration of the matters raised on this appeal.
McNULTY, C. J., and GRIMES and SCHEB, JJ., concur.
It appearing that the trial court has entered an order, dated January 18, 1977, which complies with the mandate of this court temporarily remanding the cause on July 14, 1976, upon consideration, it is
ORDERED that the above-styled appeals be and they are hereby closed.